NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                :    Chapter 13

In re:                                       : 

                                                :    Case No. 22-22694   (CGM)

    Jerry Smith,                          : 

                                                :

                            Debtor.      : 

                                                : 
-----------------------------------------------------------------X
Jerry Smith,                                           Adv. No. 23-07013

v.

Bank of New York Mellon, as Trustee for Holders
of First Horizon Alternative Securities Trust FAS 2005,
Mr. Cooper, and
First Horizon Home Loans Corporation
-----------------------------------------------------------------X

**MEMORANDUM DECISION GRANTING MOTION TO DISMISS**

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

**Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

**Background**

Preliminarily, the three Defendants listed by the pro se Debtor in this case are, in reality, one entity: "Nationstar Mortgage, LLC [n/k/a Mr. Cooper] as servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust Series 2005-FA8. Thus, there is only one Defendant in this case.

Debtor brings this adversary procedure to contest the validity of the Defendant's mortgage lien. Defendant brings this motion to dismiss and asks the Court to find its lien valid based on its state court foreclosure judgment and the *Rooker-Feldman* doctrine.

An Order granting Judgment of Foreclosure and Sale for Defendant was entered on November 13, 2019.

Debtor opposes the motion and argues that the mortgage debt is invalid and unenforceable. He brings in law on dischargeability—however, Debtor misapplies that law. Dischargeability actions are brought by creditors to have their debts continue to be collectable after the case is over. Bank of NY Mellon is not seeking to have its debt declared non-dischargeable. Debtor's causes of action are breach on contract and objection to the proof of claim of Bank of NY Mellon. These are not dischargeability actions. They are collateral attacks on the state court's judgment of foreclosure.

## SUMMARY OF THE LAW

Under the *Rooker-Feldman* doctrine, a federal bankruptcy court lacks jurisdiction to the extent that the federal claims are "inextricably intertwined" with the state court's determinations. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 n. 16 (1983). The Supreme Court has held that the *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine did not apply to a parallel action commenced in federal court as a protective matter, and not in attempt to overturn any judgment entered by state court). *Exxon Mobil Corp.* noted that even where the *Rooker-Feldman* doctrine does not apply, "Comity or

abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." *Id.* at 1527. The Court also observed:

> Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law. The Full Faith and Credit Act, 28 U.S.C. § 1738, originally enacted in 1790, ch. 11, 1 Stat. 122, requires the federal court to "give the same preclusive effect to a state-court judgment as another court of that State would give."

*Id.*

The *Rooker-Feldman* Doctrine "applies to cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the [bankruptcy] court proceedings commenced and inviting the [bankruptcy] court review and rejection of those judgments." *Holmes v. Ocwen Loan Servicing, LLC (In Re Holmes)*, 2020 Bankr. Lexis 1962, 9 (Bankr. S.D.N.Y 2020). "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure and sale is clearly barred by the *Rooker-Feldman* doctrine." *Id.* at 10. Where a movant has obtained a valid state court foreclosure judgment establishing a bank's status as a secured creditor, the *Rooker-Feldman* Doctrine prevents a bankruptcy court from revisiting the status of that creditor. *Id.*

Debtor is requesting that this Court reverse the state court judgment. This Court is not an appellate court for the state court. Debtor's remedy lies in the state court appellate process.

**Conclusion**

For the foregoing reasons, the motion to dismiss is granted. The Defendant shall submit a proposed order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders).



**Dated: May 24, 2023**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**